UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Case No.:

JAGDISH DHANJIBHAI MISTRY,                    Chapter 15

Debtor.

_____/

## FOREIGN REPRESENTATIVE'S PETITION FOR RECOGNITION OF DEBTOR'S UK BANKRUPTCY PROCEEDING AND MOTION FOR ORDER GRANTING RELATED RELIEF PURSUANT TO 11 U.S.C. § 1521

Michael James Gregson ("Petitioner" or "Foreign Representative"), in his capacity as court-appointed trustee of the foreign bankruptcy estate of Jagdish Dhanjibhai Mistry ("Debtor") petitions this Court for entry of an order recognizing the foreign bankruptcy proceeding in United Kingdom of the Debtor, Insolvency Number 0026 of 2021("UK Proceeding"), pending before the County Court of Leicester ("UK Bankruptcy Court"), as a foreign main proceeding under 11 U.S.C. §§ 1504, 1515, 1517, and 1520, and moves this Court for an order granting the relief upon recognition under 11 U.S.C. § 1521, and in support thereof, states:

### PRELIMINARY STATEMENT

1.     Foreign Representative files this Petition under §§ 1504 and 1515 of the Bankruptcy Code to seek recognition of the UK Proceeding as a "foreign main proceeding" under 11 U.S.C. § 1502(4).

2.     The Declaration of the Foreign Representative ("Trustee's Decl.") required under § 1515(b) of the Bankruptcy Code is attached hereto as **Exhibit "A"** and incorporated by reference.

3.     The Statement of the Foreign Representative required under Bankruptcy Code § 1515(c) and Bankruptcy Rule 1007(a)(4)(B), identifying all foreign proceedings with respect to

the Debtor, all administrators of the UK Proceeding, all entities against whom provisional relief is sought under § 1519, and all parties to litigation pending in the United States is attached hereto as **Exhibit "B"** and incorporated by reference.

4. A true and correct copy of the UK Bankruptcy Court's order commencing the bankruptcy of Debtor dated January 25, 2022 and a true and correct copy of the Certificate of Appointment appointing Michael James Gregson as trustee of Debtor's bankruptcy estate dated March 15, 2022 are attached as Exhibit 1 and Exhibit 2, respectively, to the Trustee's Decl.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C §§ 157(b) and 1334.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

7. Venue is proper in this district under 28 U.S.C. §§ 1410 for reasons discussed below.

## FACTUAL BACKGROUND

8. The Debtor is a citizen and resident of United Kingdom. Trustee's Decl. ⁋ 3.

9. The Debtor was a self-employed financial adviser in UK, and his last known address is 56 Stoughton Lane, Stoughton, Leicester, LE2 2FH, United Kingdom. *Id*. at ⁋ 4.

10. Since approximately June 2013, Debtor has engaged in investment arrangements in the United Kingdom, in which Debtor used funds obtained from new investors to pay purported returns to earlier investors, rather than generating profits through bona fide investment activities. *Id*. at ⁋ 5.

11. The victims of Debtor's investment scheme are predominantly residents of the United Kingdom. *Id*. at ⁋ 6.

12. The Debtor's scheme ultimately collapsed when he was no longer able to obtain

sufficient new investor funds to sustain the operation. As losses mounted and payments ceased, on August 27, 2021, a creditor initiated an involuntary bankruptcy proceeding in the UK Bankruptcy Court against the Debtor. *Id*. at ⁋ 7.

13.     On January 25, 2022, the UK Bankruptcy Court entered an order commencing the UK Proceeding. *Id*. at ⁋ 8 and Exhibit 1.

14.     On March 15, 2022, the Foreign Representative was duly appointed as the trustee for the estate of the Debtor. *Id*. at ⁋ 9 and Exhibit 2.

15.     On January 16, 2023, the UK Bankruptcy Court issued a Bankruptcy Restrictions Order, suspending discharge of the Debtor indefinitely based on his continued non-cooperation with the Foreign Representative. *Id*. at ⁋ 10, Exhibit 3.

16.     After investigating the Debtor's assets, the Foreign Representative has discovered that the Debtor owns certain real property in Deland, Florida, located at (a) 612-970 N Spring Garden Ave, Deland, FL 32120, and (b) 624-970 N Spring Garden Ave, Deland, FL 32120 (collectively, "Real Property"). *Id*. at ⁋ 11.

17.     The Real Property was not previously disclosed by the Debtor in the UK Proceeding. *Id*. at ⁋ 12.

18.     Based on the Foreign Representative's investigation, the Debtor may also possess undisclosed or as-yet-unidentified assets in the United States, that have not been disclosed to the UK Bankruptcy Court or to the Foreign Representative. *Id*. at ⁋ 13.

19.     Accordingly, the Foreign Representative seeks recognition of the UK Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code to liquidate the aforementioned real property and further investigate the acts, assets, liabilities, and financial condition of the Debtor.

**LEGAL ARGUMENT**

**A. The Court should recognize the UK Proceeding as a foreign main proceeding and Petitioner as its Foreign Representative.**

20.     Bankruptcy Code § 1501(a)(1) explicitly authorizes bankruptcy courts in the United States to cooperate with courts and other competent authorities in cross-border insolvency cases foreign. Under § 1517(a), the Court, after notice and a hearing, shall enter an order recognizing a foreign proceeding if:

> (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of Section 1502; (2) the foreign representative apply for recognition is a person or body; and (3) the petition meets the requirements of section 1515.

The UK Proceeding, Petitioner, and this Chapter 15 Petition satisfy all the requirements under this section.

21.     The UK Proceeding is a "foreign main proceeding" under 11 U.S.C. §§ 1502(4), which is defined as "a foreign proceeding pending in the country where the debtor has the center of its main interests." The UK Proceeding satisfies the requirements under 11 U.S.C. § 101(23) to be a "foreign proceeding," as the UK Proceeding is pending in Leicester, UK, and the assets and affairs of the Debtor are subject to control or supervision by the UK Bankruptcy Court, for the purpose of reorganization or liquidation. The UK Proceeding is a "collective judicial or administrative proceeding" in nature as claims of all creditors will be addressed and resolved in the proceeding. Further, the Debtor's center of main interests is in the United Kingdom, as his habitual residence is in that country. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, … habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests."); *In re Chiang*, 437 B.R. 397, 404 (Bankr. C.D. Cal. 2010) (requiring "pertinent and sufficient evidence to overcome § 1516(c)'s presumption of the location of the debtor's habitual

residence").

22.    Petitioner further qualifies as a "foreign representative" under 11 U.S.C. § 101(24), as the court-appointed trustee authorized in the UK Proceeding to administer the liquidation of the Debtor's assets and affair and to act as a representative of such proceeding.

23.    The Debtor meets the requirement of a "debtor" as defined under §§ 109(a) and 1502(1), as the Debtor is the subject of a foreign proceeding and has his principal assets in this District, including, but not limited to ownership interest in Real Property.

24.    The Petition has satisfied the requirements under 11 U.S.C. § 1515, as this Petition is accompanied by (i) the January 25, 2022 order issued by the UK Bankruptcy Court commencing the UK Proceeding, (ii) the March 15, 2022 Certificate of Appointment appoint the Foreign Representative, and (iii) Statement of Foreign Representative under penalty of perjury fulfilling the requirements imposed by § 1515(c) and Bankruptcy Rule 1007(a)(4).

25.    Upon recognition of the Petition, provisions of 11 U.S.C. § 1520 shall apply to this proceeding.

**B.  Upon recognition, the Court should grant the Foreign Representative relief under 11 U.S.C. § 1521.**

26.    Upon recognition of a foreign proceeding and at the request of a foreign representative, the Court may grant (with certain express exceptions not applicable here) "any appropriate relief where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." *See* 11 U.S.C. § 1521(a).

27.    Relief under § 1521(a) is warranted in this case. The Debtor has repeatedly failed to provide complete and accurate information regarding his U.S. assets, despite multiple requests from the Foreign Representative. His conduct to date demonstrates a substantial risk that he will conceal, transfer, or encumber assets located in the United States.

28.     As a court-appoint trustee of the Debtor, the Foreign Representative is bestowed with the power and obligation to, among other things, investigating into assets in the United States that may have been acquired using funds belonging to the Debtor and liquidating such assets of the Debtor for the benefit of the creditors. As a result, it is necessary for the Foreign Representative to obtain documentary and testimonial evidence from individuals and entities located in the United States. *See* Trustee Decl. ¶ 14.

29.     Thereafter, the Foreign Representative must have authority to recover assets acquired or transferred by the Debtor to the extent possible, including by commencing actions and asserting any proprietary claims available to the Foreign Representative in the United States. The Foreign Representative may likewise pursue claims against third parties subject to suit in this jurisdiction who may have received estate assets, caused damage to the Debtor, or otherwise hold funds traceable to the Debtor. Without recognition, the Foreign Representative's ability to investigate the Debtor's financial affairs and U.S.-based assets will be substantially impaired, preventing him from pursuing recovery opportunities for the benefit of the creditors. *Id*. at ¶ 15.

30.     For reasons stated above, the Court should grant, upon recognition of the petition, grant the Foreign Representative relief under § 1521(a).

**RELIEF REQUESTED**

31.     WHEREFORE, Foreign Representative seeks an Order pursuant to §§ 1504, 1515, 1517, and 1520 of the Bankruptcy Code, substantially in the form of the proposed order attached as **Exhibit "C,"** granting the following relief:

      a. Recognizing the UK Proceeding as a foreign main proceeding, and Michael James Gregson as the Foreign Representatives under 11 U.S.C. § 1517;

      b. Granting the following additional relief under § 1521 of the Bankruptcy Code:

          i. staying the commencement or continuation of any action or proceeding without the consent of Foreign Representatives concerning rights,

obligations or liabilities of the Debtor and the Debtor's bankruptcy estate, to the extent not stayed under § 1520(a) of the Bankruptcy Code, pursuant to 11 U.S.C. § 1521(a)(1);

ii. staying execution against the Debtor, to the extent not stayed under § 1520(a), pursuant to 11 U.S.C. § 1521(a)(2);

iii. suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under § 1520(a), pursuant to 11 U.S.C. § 1521(a)(3);

iv. providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor or the Debtor's estate under § 1521(a)(4), Bankruptcy Rule 2004, and Local Rule 2004-1, pursuant to 11 U.S.C. § 1521(a)(4);

v. entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to Foreign Representatives, pursuant to 11 U.S.C. § 1521(a)(5);

vi. authorizing Foreign Representative to exercise the power of a trustee under, and to the extent provided by 11 U.S.C. § 1521(a)(7).

vii. otherwise granting comity to and giving full force and effect to the UK Bankruptcy Court's June 29, 2020 order and the July 15, 2020 Certificate of Appointment, attached as Exhibits 1 and Exhibit 2, respectively, to the Declaration of Foreign Representative; and

viii. granting Foreign Representatives such other and further relief as this Court may deem just and proper.

Dated: June 29, 2026.

/s/ Feibai Ma
Bradley M. Saxton, Esquire
Florida Bar No. 855995
bsaxton@whww.com
Feibai Ma, Esquire
Florida Bar No. 1049261
fma@whww.com
**WINDERWEEDLE, HAINES, WARD**
  **& WOODMAN, P.A.**
329 Park Avenue North, Second Floor
Post Office Box 880
Winter Park, FL   32792-0880
Telephone: (407) 423-4246
Facsimile: (407) 645-3728
*Attorneys for Michael Gregson, Trustee*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

JAGDISH DHANJIBHAI MISTRY,

Case No.:
Chapter 15

Debtor.

_____/

### DECLARATION OF MICHAEL JAMES GREGSON

I, Michael James Gregson, a licensed insolvency practitioner in the United Kingdom and Director at GS Insolvency & Restructuring Limited ("GS"), hereby declares as follows:

1.      I am the court-appointed trustee of the foreign bankruptcy estate of Jagdish Dhanjibhai Mistry ("Debtor") pending before the County Court of Leicester, United Kingdom ("UK Bankruptcy Court"), Insolvency Number 0026 of 2021 ("UK Proceeding") and I hereby submit this declaration in support of the Petition for Recognition under Chapter 15 of Bankruptcy Code for recognition of a foreign proceeding pending in the United Kingdom.

2.      I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as trustee of the Debtor in the UK Proceeding. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information obtained through my investigation and are true to the best of my knowledge, information, and belief. If called upon, I could testify as to all matters set forth in this declaration.

### Debtor's Contact with United Kingdom

3.      The Debtor is a citizen and resident of United Kingdom.

# EXHIBIT "A"

4.    The Debtor was a self-employed financial adviser in the UK and his last known address is 56 Stoughton Lane, Stoughton, Leicester, LE2 2FH, United Kingdom.

5.    Since around June 2013, the Debtor has engaged in investment arrangements in the United Kingdom, in which he used funds obtained from new investors to pay purported returns to earlier investors, rather than generating profits through legitimate investment activities.

6.    The victims of Debtor's investment scheme are predominantly residents of the United Kingdom.

### Debtor's UK Insolvency Case

7.    The Debtor's scheme ultimately collapsed when he was no longer able to obtain sufficient new investor funds to sustain the operation. As losses mounted and payments ceased, on August 27, 2021, a creditor initiated an involuntary bankruptcy proceeding against the Debtor in the UK Bankruptcy Court, resulting in the commencement of the foreign main case.

8.    On January 25, 2022, the UK Bankruptcy Court entered an order formally commencing the UK Proceeding ("Bankruptcy Commencement Order"). A true and correct copy of the Bankruptcy Commencement Order is attached hereto as **Exhibit "1."**

9.    On March 15, 2022, I was duly appointed as the trustee and foreign representative for the Debtor's estate ("Appointment Order"). A true and correct copy of the Appointment Order is attached hereto as **Exhibit "2."**

10.    On January 16, 2023, the UK Bankruptcy Court issued a bankruptcy restrictions order, suspending the Debtor's discharge indefinitely based on his continued non-cooperation with me ("Bankruptcy Restriction Order"). A true and correct copy of the Bankruptcy Restriction Order is attached hereto as **Exhibit "3."**

11.    After investigating the Debtor's assets, I discovered that the Debtor owns certain

real property located in Deland, Florida, including:

a. 612-970 N Spring Garden Ave, Deland, FL 32120, and

b. 624-970 N Spring Garden Ave, Deland, FL 32120 (collectively, "Real Property").

12. The Real Property was not previously disclosed by the Debtor in the UK Proceeding.

13. Based on my investigation to date, I believe the Debtor may also possess undisclosed or as-yet-unidentified assets in the United States, that have not been disclosed to the UK Bankruptcy Court or to me as trustee.

**Grounds for Recognition**

14. As a court-appoint trustee of the Debtor, I am bestowed with the power and obligation to, among other things, investigating into assets in the United States that may have been acquired using funds belonging to the Debtor and liquidating such assets of the Debtor for the benefit of the creditors. As a result, it is necessary for me to obtain documentary and testimonial evidence from individuals and entities located in the United States.

15. Thereafter, I must have authority to recover assets acquired or transferred by the Debtor to the extent possible, including by commencing actions and asserting any proprietary claims available to me in the United States. I may likewise pursue claims against third parties subject to suit in this jurisdiction who may have received estate assets, caused damage to the Debtor, or otherwise hold funds traceable to the Debtor. Without recognition, my ability to investigate the Debtor's financial affairs and U.S.-based assets will be substantially impaired, preventing me from pursuing recovery opportunities for the benefit of the creditors.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the

facts stated in the foregoing Verified Petition are true and correct.

Executed in _EVENTUS BUSINESS CENTRE MARKET DEEPING, PETERBOROUGH PE6 8FD UNITED KINGDOM_

on ___JUNE    27TH___, 2026

By: _____

Michael James Gregson

Form 6.30
Rule 10.42, 10.45

# Bankruptcy Order on Creditor's Petition

| In the County Court at Leicester | |
|---|---|
| Insolvency Number | 0026 of 2021 |
| Debtor | Jagdish Dhanjibhai Mistry |



**In Bankruptcy**

**Before District Judge Worth**

Upon the petition of Jayant And Nilamben Patel, a Creditor, which was presented on 27 August 2021

And upon hearing Mr Tettmar-Saleh of Counsel for the Creditors and the Debtor appearing in person

And upon reading the evidence

It is ordered that the debtor Jagdish Dhanjibhai Mistry, a Financial Adviser of 56 Stoughton Lane, Stoughton, Leicestershire, LE2 4QP be adjudged bankrupt

And the court is satisfied that the EC Regulation does not apply in relation to these proceedings

Date: 25 January 2022

*I Michael James Gregson, certify this to be a true copy of the original*

*14/2/23*

Time: 4:15 PM

**IMPORTANT NOTICE TO BANKRUPT**

The Official Receiver attached to the court is by virtue of this order receiver and manager of your estate. You have certain duties to the official receiver as set out in section 291 of the Insolvency Act 1986. These include the duty to give the official receiver such inventory of the estate and such other information, and to attend on the official receiver at such times, as the official receiver may reasonably require.

The Official Receiver's offices are open Monday to Friday (except on holidays) from 10.00 am to 4.00 pm

---

**Endorsement on Order**

The solicitor to the creditor is:

Name: Hegarty & Co

Address: 48 Broadway, Peterborough, PE1 1YW

Telephone No:

Reference: KS/SF/P008566/1

---

The court office at the County Court at Leicester, 90 Wellington Street, Leicester, LE1 6HG. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number. Tel: 0116 2225700 Fax: 0870 761 7742. Check if you can issue your claim online. It will save you time and money. Go to www.moneyclaim.gov.uk to find out more.

6.25 Bankruptcy Order on Creditor's Petition

Produced by:Mrs L Longfield
O_10_10

**EXHIBIT 1**

Reference: **BKT6352345**                                                                    **IPSSC**

**The Insolvency (England & Wales) Rules 2016**

**Rule 10.72**

**CERTIFICATE OF APPOINTMENT OF TRUSTEE BY THE SECRETARY OF STATE**

**REFERENCE: BKT6352345**

**IN THE COUNTY COURT AT LEICESTER**                                    **26 of 2021**

**NAME OF BANKRUPT: Jagdish Dhanjibhai Mistry**

**BANKRUPT'S RESIDENTIAL ADDRESS: 56 Stoughton Lane, Stoughton, LEICESTER, LE2 2FH**

**IN BANKRUPTCY**

**THIS IS TO CERTIFY** that

Mr Michael James Gregson of TC Bulley Davey Limited of 4 Cyrus Way, Hampton, Peterborough, PE7 8HP

has been appointed as trustee with effect from 15 March 2022.

On behalf of the Secretary of State

*D. Chapman*

I, Michael James Gregson, certifies this to be a true copy of the original.

14/2/2023

D Chapman

Date: 15 March 2022

**EXHIBIT 2**

# General Order

**Amended Order.**

| In the County Court at Leicester | |
|---|---|
| **Insolvency Number** | 0026 of 2021 |
| **Debtor** | Jagdish Dhanjibhai Mistry |

**In Bankruptcy**

**Before District Judge Modi**

**On 16 January 2023**



Upon the application of the Official Receiver and after taking into consideration his report dated 9 December 2022 with the annexed letter of the trustee (Mr Gregson) of 8 December as to the above named bankrupt's conduct during the proceedings under the bankruptcy.

Upon hearing THE DEPUTY OFFICIAL RECEIVER'S OFFICE (NOTTINGHAM) in person and hearing the Solicitor for ~~JAYANT AND NILAMBEN PATEL~~ Mr Hollingsworth

*Jagdish Dhanjibhai Mistry*

And upon it appearing to the Court that the bankrupt failed to comply with his obligations under the Insolvency Act 1986.

But it also appears to the Court that the letter from the Trustee in Bankruptcy attached to the Official Receiver's Application containing matters, (e.g. alleged antecent transitions) that do not require the discharge of the bankruptcy to be suspended.

And upon the solicitor for the bankrupt confirming that the bankrupt is hampered in his cooperation with the Trustee as documents have been removed by the Police who are undertaking and investigation.

## In the Matter of The Insolvency Act 1986

**It is ordered that** the relevant period for the purposes of Section 279 of the Insolvency Act 1986 shall cease to run until Mr Mistry has complied with the Trustee's request for information as evidenced by a report to the Court by the Trustee in bankruptcy.

Dated 16 January 2023

---

The court office at the County Court at Leicester, 90 Wellington Street, Leicester, LE1 6HG. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number. Tel: 0116 2225700 Fax: 0870 761 7742. Check if you can issue your claim online. It will save you time and money. Go to www.moneyclaim.gov.uk to find out more.

General order | **EXHIBIT 3** | Produced by:Mrs L Longfield O_10_18

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

JAGDISH DHANJIBHAI MISTRY,

Case No.:
Chapter 15

Debtor.
_____/

## BANKRUPTCY CODE § 1515(c) and BANKRUPTCY RULE 1007(a)(4) STATEMENT OF MICHAEL JAMES GREGSON

I, Michael James Gregson, the court-appointed trustee in the foreign bankruptcy proceeding of Jagdish Dhanjibhai Mistry ("Debtor") pending before the County Court of Leicester, United Kingdom ("UK Proceeding"), pursuant to Bankruptcy Code 1515(c) and Bankruptcy Rule 1007(a)(4), states:

(i)   **All foreign proceedings with respect to the Debtor that are known to the foreign representative.**

To the best of my knowledge, the UK Proceeding is the only known pending "foreign proceeding" with respect to the Debtor as that term is defined in section 101(23) of the Bankruptcy Code. Should I discover any such proceeding, I will promptly supplement this statement.

(ii)  **All persons or bodies authorized to administer the Debtor's foreign proceeding:**

Michael James Gregson, as court-appointed trustee
GS Insolvency & Restructuring Limited
Bakewell Road
Orton Southgate, Peterborough, PE2 6XU
United Kingdom

For purpose of this proceeding, I respectfully request that any correspondence be sent, in addition to the address provided above, with a copy to:

**EXHIBIT "B"**

Winderweedle, Haines, Ward & Woodman, P.A.
Attn: Bradley M. Saxton, Esq.
bsaxton@whww.com
Attn: Feibai Ma, Esq.
fma@whww.com
329 N. Park Ave. Second Floor
Winter Park, FL 32789

**(iii)   All entities against whom provisional relief is sought under § 1519.**

As of the date of this Statement, no provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person. However, I reserve the right to seek provisional relief as needed.

**(iv)   All parties to litigation pending in the United States in which Debtor was a party when the petition was filed.**

Based on my best knowledge, the Debtor is not a party to any litigation currently pending in the United States as of the petition date. Should I discover any such proceeding, I will promptly supplement this statement.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the facts stated in the foregoing Verified Petition are true and correct.

Executed in _EVENTUS BUSINESS CENTRE MARKET DEEPING, PETERBOROUGH PE6 8FD UNITED KINGDOM_

on _JUNE 23rd_, 2026

By: _____
Michael James Gregson

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Case No.:

JAGDISH DHANJIBHAI MISTRY,                     Chapter 15

      Debtor.

_____/

## ORDER GRANTING RECOGNITION OF DEBTOR'S UK BANKRUPTCY PROCEEDING AND MOTION FOR ORDER GRANTING RELATED RELIEF PURSUANT TO 11 U.S.C. § 1521

THIS CASE came upon the Foreign Representative's Petition for Recognition of Debtor's UK Bankruptcy Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. § 1521 filed on June __, 2026, by Michael James Gregson ("Petitioner" or the "Foreign Representative") (Doc. No. 2), in his capacity as the court-appointed trustee for the foreign bankruptcy estate of Jagdish Dhanjibhai Mistry ("Debtor"), pending before the County Court of Leicester ("UK Bankruptcy Court"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code. This Court, having considered the Petition (Doc. No. 1), the Petition for

**EXHIBIT "C"**

Recognition (Doc. No. 2), and being otherwise duly informed, the Court makes the following Order.

The Court **FINDS**:

A.      Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.      Foreign Representative has met the requirements of 11 U.S.C. § 1515(b) and (c), and Bankruptcy Rule 1007(a)(4).

H.      The UK Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The UK Proceeding is entitled to recognition as a foreign main proceeding by this Court under 11 U.S.C. § 1517(b)(1), as the UK Proceeding is pending before the UK Bankruptcy Court and the Debtor's center of main interests is in the UK.

J.      The Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520.

K.      The Foreign Representative is further entitled to the relief expressly set forth in 11

U.S.C. § 1521.

L.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is **ORDERED** and **ADJUDICATED** that:

1.      The Petition for Recognition is **GRANTED**.

2.      The UK Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

3.      The UK Proceeding and the orders of the UK Bankruptcy Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities. This includes without limitation, the UK Bankruptcy Court's January 25, 2022 order commencing the UK Proceeding, which is attached to the Petition for Recognition.

4.      The provisions of 11 U.S.C. § 1520 apply to this proceeding.

5.      Pursuant to 11 U.S.C. §1521(a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor to the extent they have noy been stayed under 11 U.S.C. § 1520(a).

6.      Pursuant to 11 U.S.C. §1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtor to the extent it has not been stayed under 11 U.S.C. § 1520(a).

7.      Pursuant to 11 U.S.C. §1521(a)(3), all persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of the Debtor to the extent this right has not been suspended under 11 U.S.C. § 1520(a).

8.      Pursuant to 11 U.S.C. § 1521(a)(4) and Bankruptcy Rules 2004, the Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor, without further order of this Court.

9.      Pursuant to 11 U. S. C. §1521(a)(5), the Foreign Representative is entrusted with the administration or realization of all or part of the Debtor's assets within the territorial jurisdiction of the United States.

10.      All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representative by written notice sent to the following addresses:

> Attn: Michael James Gregson, as court-appointed trustee
> GS Insolvency & Restructuring Limited
> Bakewell Road
> Orton Southgate, Peterborough, PE2 6XU
> United Kingdom
>
> With a copy to:
>
> Winderweedle, Haines, Ward & Woodman, P.A.
> Attn: Bradley M. Saxton, Esq.
> bsaxton@whww.com
> Attn: Feibai Ma, Esq.
> fma@whww.com
> 329 N. Park Ave. Second Floor
> Winter Park, FL 32789

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representative shall file with the Court information demonstrating those persons and/or entities to whom he has

provided notice of this Order.

11.     The Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. § 1521(a)(7).

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) Foreign Representative is authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.     No action taken by Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the UK Proceeding or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representative, including pursuant to 11 U.S.C. §§ 306 and 1510.

14.     This Court shall retain jurisdiction with respect to the enforcement, amendment, modification or termination of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

15.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

# # #

Bradley M. Saxton shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.