ORDERED.

**Dated:  July 01, 2026**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Case No.: 6:26-bk-04857-LVV

JAGDISH DHANJIBHAI MISTRY,                    Chapter 15

         Debtor.

_____/

**ORDER GRANTING EMERGENCY MOTION FOR ORDER GRANTING
PROVISIONAL RELIEF PENDING THE HEARING ON RECOGNITION
PURSUANT TO 11 U.S.C. § 1519**

THIS MATTER came on for hearing on July 1, 2026 (the "Hearing"), upon *Foreign Representative's Emergency Motion for Order Granting Provisional Relief Pending the Hearing on Recognition Pursuant to 11 U.S.C. § 1519* (the "Motion for Provisional Relief") (Doc. No. 3) filed by Michael James Gregson (the "Foreign Representative"), in his capacity as court-appointed trustee of the foreign bankruptcy estate of Jagdish Dhanjibhai Mistry ("Debtor"). Upon due consideration of the Motion for Provisional Relief, counsel's argument at the Hearing, the record, and after due deliberation and sufficient cause appearing therefore, the Court concludes that a

showing has been made as follows:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410, because Debtor has property in the United States within this judicial District and because Debtor is a defendant in an action pending in a state court located in this District.

C.      This is a core foreign proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      There is substantial likelihood of success on the merits that the Foreign Representatives will be able to demonstrate that the UK Proceeding is a foreign main proceeding entitled to recognition under 11 U.S.C. § 1517, that the Foreign Representative is the duly appointed foreign representative of the Debtor pursuant to 11 U.S.C. §§ 102(24) and 1509, and the Foreign Representative, in their capacity as foreign representative of Debtor, are entitled to protections afforded by §§ 1520 and 1521 of the Bankruptcy Code.

E.      Issuance of this Order is necessary to preserve the status quo, as Foreign Representative has demonstrated that unless this Order is issued, there is a risk of irreparable injury to the value of the Debtor's interests in the Real Property, to the detriment of the Debtor's creditors.

F.      Given that the provisional relief requested is narrowly tailored in scope and duration, the threatened injury to the Debtor's estate outweighs whatever damage the requested relief may cause an opposing party.

G.      The interest of the public will be served by this Court's entry of this Order.

Accordingly, it is **ORDERED** and **ADJUDICATED**:

1.      The Motion for Provisional Relief is **GRANTED**.

2.      The Debtor, or anyone acting in concert with the Debtor, is enjoined from selling,

encumbering, disposing of, any assets or property of the Debtor, including but not limited to, the following Real Property:

    a. 612-970 N Spring Garden Ave, Deland, FL 32120, and

    b. 624-970 N Spring Garden Ave, Deland, FL 32120.

3. The Foreign Representative is entrusted with the administration and realization of all or part of the Debtor's assets in the United States.

4. The Foreign Representative is authorized to conduct discovery under Bankruptcy Rule 2004 to obtain information relating to the Debtor's ownership interest in other assets located in the United States.

5. This Order shall remain in effect pending the hearing on Foreign Representative's Petition for Recognition of Debtor's UK Bankruptcy Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. § 1521 ("Petition for Recognition") (Doc. No. 2).

6. The Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order and any request by any person or entity for relief from the provisions of this Order.

# # #

Feibai Ma shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.